IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
(EASTERN DIVISION)

```
Adam Huczynski                              )
           Plaintiff                        )
v.                                          )
                                            )
Starting Line, Inc. d/b/a Johnny's Kitchen  )
   & Tap                                    )
           Defendant.                       )
_____ )
```

### Complaint and Jury Demand

Plaintiff, Adam Huczynski, alleges the following for his complaint against Starting Line, Inc. d/b/a Johnny's Kitchen & Tap:

### Parties

1. Adam Huczynski ("Mr. Huczynski") is a resident of Cook County, Illinois and a person who alternatively (i) has a disability and (ii) is regarded as having a disability. Mr. Huczynski was born in November 1952 and, accordingly, was over age 40 at all times during his employment at Johnny's.

2. Starting Line, Inc. d/b/a Johnny's Kitchen & Tap ("Johnny's") is a corporation organized under Illinois law with a principal place of business in Glenview, Cook County, Illinois. At all times relevant to this complaint, Johnny's had more than twenty employees.

### Jurisdiction and Venue

3. This Court has jurisdiction over the defendant because Johnny's is a resident of Cook County, Illinois, which is located in this district. Alternatively, this Court has jurisdiction over the defendant because it purposefully availed itself of this forum when it hired Mr. Huczynski in Cook County, Illinois.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Johnny's is a resident of Cook County, Illinois, which is located in this district. Alternatively, venue is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events and omissions giving rise to the claims alleged in this complaint occurred in this judicial district.

5. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §1331 because this complaint alleges violations of the Americans with Disabilities Act, 42 U.S.C. §12101, and the Age Discrimination and Employment Act, 42 U.S.C. § 12101, *et. seq.*

### Factual Allegations

6. Johnny's hired Mr. Huczynski as a manager in 2014. At the time of Mr. Huczynski's hire he was the oldest employee at Johnny's.

7. In December 2016, while working at Johnny's, Mr. Huczynski injured his back at work. This workplace injury caused Mr. Huczynski to have a noticeable limp at work.

8. Johnny's terminated Mr. Huczynski's employment on or about January 2, 2018. The ostensible reason for Mr. Huczynski's, as articulated by Johnny's President, Mary Venezia, who told Mr. Huczynski that he was being terminated, "we expected more from you."

9. It is unclear what the "more" might have been as Mr. Huczynski (i) took only one sick day during four years of work, (ii) did not have a record of slacking off at work, (iii) was never reprimanded for any of his work, and (iv) had never been asked for "more" in any way, shape, or form by anyone at Johnny's prior to his termination. Accordingly, the ostensible reason for Mr. Huczynski's termination was a pretext for discrimination.

### Count I
*(Discriminatory termination in violation of the Americans with Disabilities Act–42 U.S.C. § 12101, et. seq.)*

10. Mr. Huczynski re-alleges and incorporates paragraphs 1-9 of this complaint as if set forth fully herein.

11. Mr. Huczynski was regarded by Johnny's as having a disability.

12. Notwithstanding that he was regarded as having a disability, Mr. Huczynski was qualified to perform all of his responsibilities as a manager at Johnny's.

13. Mr. Huczynski was meeting Johnny's legitimate expectations as a manager.

14. Johnny's would not have terminated Mr. Huczynski if it did not regard him as having a disability.

15. As a result of Johnny's discrimination, Mr. Huczynski has been denied employment that provided him with substantial compensation and benefits. Moreover, Mr. Huczynski has suffered anguish, humiliation, distress, inconvenience, and loss of enjoyment of life because of Johnny's actions, thereby entitling him to compensatory damages.

16. In its discriminatory actions as discussed above, Johnny's has acted with malice and/or reckless indifference to the rights of Mr. Huczynski, thereby entitling him to an award of punitive damages.

### Count II—In the Alternative To Count I
*(Discriminatory termination in violation of the Americans with Disabilities Act—42 U.S.C. § 12101, et. seq.)*

17. Mr. Huczynski re-alleges and incorporates paragraphs 1-9 of this complaint as if set forth fully herein.

18. By terminating Mr. Huczynski's employment, Johnny's deprived Mr. Huczynski of the same rights and privileges enjoyed by his (former) younger colleagues as to the performance, enjoyment, and all of the benefits and privileges of his employment relationship with it.

19. Johnny's terminated Mr. Huczynski's employment because of his age.

20. As a result of Johnny's discrimination, Mr. Huczynski has been denied employment that provided him with substantial compensation and benefits.

21. In its discriminatory actions as discussed above, Johnny's has acted willfully, thereby entitling Mr. Huczynski to an award of liquidated damages.

WHEREFORE, Mr. Huczynski respectfully prays that this Court:

A. Award lost wages;

B. Award compensatory damages;

C. Award punitive damages in an amount sufficient to punish Johnny's and deter other employers from engaging in similar conduct;

D. Award liquated damages;

E. Award prejudgment interest;

F. Award attorney's fees and costs; and

G. Award any other relief that the Court deems just and/or equitable and/or proper.

## Jury Demand

Mr. Huczynski demands trial by jury on all issues so triable.

Respectfully submitted,
March 17, 2019

                                              */s/ Fitzgerald T. Bramwell*
                                              Fitzgerald T. Bramwell
                                              **LAW OFFICES OF FITZGERALD BRAMWELL**
                                              255 West Washington, Suite 2200
                                              Chicago, Illinois 60606
                                              312-924-2884 (voice)
                                              bramwell@fitzgeraldbramwell.com